UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                    LAFAYETTE-OPELOUSAS DIVISION

**UNITED STATES OF AMERICA**                **DOCKET NO. 09-cr-000221**

**VERSUS**                                  **JUDGE DOHERTY**

**MINSON JUNIUS MENARD   (002)**            **MAGISTRATE JUDGE HANNA**


                            REASONS FOR RULING
                                    ON
                 MOTION FOR BAIL AND RELEASE PENDING SENTENCING

                                (Rec. Doc. 83)

   This matter came before the undersigned for hearing on May 26, 2010. For the following reasons, the motion was denied, and the previous order detaining the defendant, Minson Menard, was continued pending sentencing.

   On September 16, 2009, the defendant was indicted for violations of 21 U.S.C. §§ 846 and 841(b)(1)(A), which involved a Conspiracy to Possess with Intent to Distribute Cocaine, Cocaine Base, and Other Controlled Substances in an amount in excess of five kilograms of a mixture containing a detectable quantity of cocaine and in excess of fifty grams of a mixture containing a detectable quantity of cocaine base. On October 14, 2010, he was ordered detained. On May 26, 2010, before the hearing on the instant motion, the defendant pled guilty to Count One of the indictment, which charged him with Conspiracy to Possess with Intent to Distribute Cocaine, Cocaine Base, and other Controlled Substances under 21

U.S.C. § 846, and involved five kilograms or more of cocaine and fifty grams or more of cocaine base.

Under 21 U.S.C. § 841(b)(1)(A), the sentence for this crime is no less than ten years imprisonment.

Although the motion was filed seeking release of the defendant pursuant to 18 U.S.C. 3142, the statute does not apply once the defendant has entered a guilty pleas as was done in this case. Rather, §3143 applies and counsel for the defendant conceded this point at the hearing.

Pursuant to 18 U.S.C. §3143(a)(2), once the defendant has been found guilty of an offense in a case described under §3142(f)(1(C) and is awaiting imposition of sentence, he "shall" be detained pending sentencing unless (1) there is a finding that there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (2) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and* there is clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

This case does involve an offense described in §3142(f)(1)(C) in that the defendant pled guilty to a crime for which the maximum term of imprisonment is ten years or more as prescribed in the Controlled Substances Act (21 U.S.C. §801 et. seq.). Since he pled guilty there is no likelihood that a motion for acquittal or new trial will be granted. Secondly, the government has not recommended no sentence of imprisonment be imposed. Therefore, neither of the first two alternative criteria necessary for permitting the defendant to be

released pending sentencing are present. Since the statute is conjunctive, and the defendant does not meet either of the first two criteria for potential release, the undersigned does not reach the question of whether there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community. Therefore, the court is constrained to deny the defendant's motion and to continue the existing detention order pending the defendant's sentencing.

    IT IS ORDERED that the defendant be detained pursuant to the existing detention order until sentenced.

Thus done and signed at Lafayette, LA this 26th day of May 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)