UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:09-CR-00221-02 |
| VERSUS | JUDGE DOHERTY |
| MINSON JUNIUS MENARD (02) | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**

Pending before this Court is the "motion for modification of a term of imprisonment based on retroactive amended guidelines" under 18 U.S.C. 3582(c)(2) (Rec. Doc. 125), which was filed by defendant Minson Junius Menard. The Government responded to the motion, objecting to the procedure used in seeking the relief sought, and requesting that the motion be recharacterized as a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255. (Rec. Doc. 132). The motion was referred to the undersigned with specific instructions to (1) determine whether the defendant's motion should be recharacterized as a Section 2255 motion; (2) if so, to provide the defendant with notice as to the consequences of a recharacterization; and (3) if recharacterization is recommended, to provide a review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended (1) that the motion be recharacterized as a Section 2255 motion, (2) that Mr. Menard be

notified of the ramifications of the recharacterization, (3) that Mr. Menard be afforded an opportunity to withdraw his motion or revise it so that it contains any and all Section 2255 claims he believes he has, and (4) that review, report, and recommendation concerning the merits of Mr. Menard's motion be delayed until after the expiration of the deadline for Mr. Menard to respond to the recharacterization order.

## **FACTUAL AND PROCEDURAL BACKGROUND**

In September 2009, Minson Menard was charged in an indictment (Rec. Doc. 1) with conspiracy to possess with intent to distribute cocaine, cocaine base, and other controlled substances in violation of 21 U.S.C. § 846. The indictment indicates that the criminal activity occurred between November 1, 2005 and December 9, 2007. In May 2010, Mr. Menard pleaded guilty to Count 1 of the indictment. (Rec. Doc. 89). The stipulated factual basis for the plea stated that more than fifty grams of cocaine base was possessed and distributed in furtherance of the count of the indictment to which Mr. Menard pleaded guilty, but there is no indication that the amount of cocaine base involved was 280 grams or more. (Rec. Doc. 90-2). In October 2010, Mr. Menard was sentenced to 120 months imprisonment (Rec. Doc. 109), the minimum mandatory prison sentence for the crime of which he was convicted.

At the time that Mr. Menard entered his guilty plea, the Anti-Drug Abuse Act of 1986 imposed five year and ten year mandatory minimum prison terms for federal drug crimes, which reflected a 100 to 1 disparity between the amounts of crack cocaine and powder cocaine needed to trigger the minimum sentences. On August 3, 2010, after Mr. Menard entered his plea but before he was sentenced, the Fair Sentencing Act of 2010 ("FSA") became effective. That statute reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1 and increased the amount of crack needed to trigger the five and ten year minimum sentences. Revised sentencing guidelines went into effect on November 1, 2010.

The Fifth Circuit originally interpreted the FSA as being inapplicable to a person such as Mr. Menard, holding that "the FSA was not retroactively applicable, despite its beneficent intentions, to conduct that occurred pre-enactment."[1] More specifically, the Fifth Circuit held that "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment."[2] However, the Fifth Circuit's holding was abrogated by the United States Supreme Court, which held that the FSA's new, more lenient mandatory

---

[1] *United States v. Tickles*, 661 F.3d 212, 214 (5th Cir. 2011).

[2] *United States v. Tickles*, 661 F.3d at 215.

minimum sentencing provisions apply to defendants sentenced after August 3, 2010, including defendants whose conduct occurred prior to the FSA's enactment.[3]

Shortly after the Supreme Court's ruling was announced, Mr. Menard filed the instant motion for reduction of his sentence pursuant to the amendments to the sentencing guidelines for crack cocaine offense. (Rec. Doc. 125). This Court stayed the motion pending preparation of an amended pre-sentence investigation report (Rec. Doc. 126), and the Federal Public Defender was appointed to represent Mr. Menard in the determination of his eligibility for a reduction in his sentence (Rec. Doc. 130). An amended pre-sentence investigation report was prepared, and Mr. Menard's counsel objected to it. (Rec. Doc. 131). The government then filed a response to Mr. Menard's motion, arguing that his motion should be recharacterized as a Section 2255 petition. (Rec. Doc. 132). Mr. Menard then filed another motion, reasserting his claim for a reduced sentence. (Rec. Doc. 133). The original motion (Rec. Doc. 125) was then referred to the undersigned, as explained above. There is no evidence in the record indicating that Mr. Menard appealed his sentence or filed a previous petition for vacation of his conviction or sentence under Section 2255.

---

[3] *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321, 2335 (2012).

### ANALYSIS

A convicted prisoner may seek reduction of his sentence under 18 U.S.C. § 3582(c)(2) if he is "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission. . . ." [Emphasis added.] The minimum sentence applicable to Mr. Menard was not lowered by the Sentencing Commission *after* he was sentenced. To the contrary, the minimum sentence applicable to the crime he committed was lowered by a statute – the Fair Sentencing Act of 2010 – that became effective on a date before he was sentenced. Accordingly, a motion under Section 3582(c)(2) is not an appropriate procedural means for Mr. Menard to seek the relief he requests in the pending motion. Instead, he should have filed a petition to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255.[4]

In such a situation, a district court may recharacterize the defendant's motion as arising under Section 2255.[5] Before doing so, however, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the

---

[4] See, e.g., *Noto v. United States*, No. 11-CV-2109, 2014 WL 549375 (W.D. La. Feb. 11, 2014); *United States v. Balderas*, No. 09-310, 2014 WL 345287 (E.D. La. Jan. 27, 2014); *United States v. McMillan*, No. 09-373, 2013 WL 4854027 (E.D. La. Sept. 10, 2013); *United States v. Braziel*, No.09-312, 2012 WL 6202983 (E.D. La. Dec. 12, 2012).

[5] See, e.g., *United States v. Matthews*, No. 06-270, 2013 WL 6332143, at *1 (E.D. La. Dec. 5, 2013).

litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."[6]

Mr. Menard's offense conduct occurred before the effective date of the FSA, and he was sentenced after the effective date of the FSA, but before the effective date of the amended sentencing guidelines. On that basis, Mr. Menard seeks to have his sentence recomputed in accordance with the FSA as authorized by the Supreme Court. In its response to Mr. Menard's motion, the Government acknowledged "that the defendant's objections are valid" and should be considered in a Section 2255 petition. (Rec. Doc. 132 at 1-2). The undersigned agrees.

Accordingly, the undersigned recommends:

(1) that the pending motion (Rec. Doc. 125) should be recharacterized as a first 28 U.S.C. § 2255 motion;

(2) that Mr. Menard should be notified (a) that any subsequent Section 2255 motion will be subject to the restrictions on second or successive motions; and (b) that he may withdraw his pending motion or amend it so that it contains any and all Section 2255 claims that he believes he has;

---

[6] *Castro v. United States*, 540 U.S. 375, 383 (2003).

(3) that Mr. Menard should be afforded thirty days from the date of the recharacterization order in which to respond to the order recharacterizing the motion;

(4) that if Mr. Menard fails to respond within the allotted thirty days, this Court should construe his motion as a first 28 U.S.C. § 2255 motion; and

(5) that review, report, and recommendations on the merits of Mr. Menard's request for resentencing should be delayed until after the expiration of the deadline for him to respond to the recharacterization order.

Signed at Lafayette, Louisiana, on February 26, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 2/27/2015
BY: EFA
TO: RFD
cg