UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:09-CR-00221-02 |
| VERSUS | JUDGE DOHERTY |
| MINSON JUNIUS MENARD (02) | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**

Pending before this Court are four motions (Rec. Docs. 125, 133, 140, 142), all of which were filed by the defendant, and all of which seek the same relief, i.e., that defendant Minson Junius Menard's sentence be vacated so that he can be resentenced in accordance with *United States v. Dorsey*, ___ U.S. ___, 132 S.Ct. 2321, 2335 (2012), and the current sentencing guidelines.

In September 2009, Mr. Menard was charged in an indictment (Rec. Doc. 1) with conspiracy to possess with intent to distribute cocaine, cocaine base, and other controlled substances in violation of 21 U.S.C. § 846. In May 2010, Mr. Menard pleaded guilty to Count 1 of the indictment. (Rec. Doc. 89). In October 2010, Mr. Menard was sentenced to 120 months imprisonment (Rec. Doc. 109), the minimum mandatory prison sentence for the crime of which he was convicted.

At the time that Mr. Menard entered his guilty plea, the Anti-Drug Abuse Act of 1986 imposed five year and ten year mandatory minimum prison terms for federal

drug crimes, which reflected a 100 to 1 disparity between the amounts of crack cocaine and powder cocaine needed to trigger the minimum sentences. On August 3, 2010, after Mr. Menard entered his plea but before he was sentenced, the Fair Sentencing Act of 2010 ("FSA") became effective. That statute reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1 and increased the amount of crack needed to trigger the five and ten year minimum sentences. Revised sentencing guidelines went into effect on November 1, 2010. In the *Dorsey* decision, the United States Supreme Court held that the FSA's new, more lenient mandatory minimum sentencing provisions apply to defendants sentenced after August 3, 2010, including defendants like Mr. Menard whose conduct occurred prior to the FSA's enactment.

Recently, Mr. Menard's motion for modification of a term of imprisonment based on retroactive amended guidelines under 18 U.S.C. § 2582(c)(2) (Rec. Doc. 125) was recharacterized as a first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Rec. Doc. 143). In its response to the order recharacterizing the motion, the government agreed that the *Dorsey* decision applies to this defendant (Rec. Doc. 144 at 1), waived any objection to the timeliness of Mr. Menard's motions (Rec. Doc. 144-1 at 2), and argued that Mr. Menard should be resentenced in light of the new applicable mandatory minimum sentence recognized in *Dorsey* (Rec. Doc. 144-1 at 2).

Accordingly, the undersigned finds that Mr. Menard is entitled to be resentenced and recommends that Mr. Menard's motions (Rec. Docs. 133, 140, 142) be GRANTED, that his sentence be vacated, and that he be resentenced.

Signed at Lafayette, Louisiana, on August 4, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 8/4/2014
BY: EFA
TO: RFD
cg